IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARA PISARZ,                          :
       Plaintiff              :
                     :
                     :
                     :     JURY TRIAL DEMANDED
           v.              :
                     :
                     :
                     :
JEWISH COMMUNITY ALLIANCE OF   :
NORTHEASTERN PENNSYLVANIA,     :
         Defendants         :     No.
                     :
                     :

## COMPLAINT

### I.    JURISDICTION

1.    This Complaint is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq,* (hereinafter "ADA"); the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 (a) *et seq* (hereinafter "ADEA"); as well as its jurisdiction over pendent state claims, particularly the Pennsylvania Human Relations Act, 43 P.S. § 955 (a) and (d). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2.     The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331, 1332, 1343 and 1346; § 7 (b) of the ADEA, 29 U.S.C. §§ 626 (b), 42 U.S.C. § 12101 *et seq,* as well as its jurisdiction over pendent state claims.

3.     The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00).

4.     The violations of the Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.     PARTIES

5.   The Plaintiff, Sara Pisarz, is an adult individual and a citizen of the United States and the Commonwealth of Pennsylvania and resides at 424 Rutter Avenue, Kingston, Luzerne County, PA 18704.

6.     Defendant, The Jewish Community Alliance of Northeastern Pennsylvania, is a domestic non-profit corporation, with a registered office at 60 South River Street, Wilkes-Barre, PA, 18702 and principal place of business located at 613 SJ Strauss Lane, Kingston, PA 18704, and which trades and does business under the fictitious name of The Jewish Community Center of Wyoming Valley.

7.     At all times material hereto, the Defendant was engaged in an industry affecting commerce and has employed twenty (20) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

III.    **ADMINISTRATIVE PREREQUISITES**

8.    On or about December 28, 2018, the Plaintiff timely filed a complaint with the Pennsylvania Human Relations Commission (PHRC), alleging age and disability discrimination, dual filed with the Equal Employment Opportunity Commission (EEOC) .

9.    A Notice of Right to Sue dated February 22, 2019 was issued to Plaintiff by the EEOC.

10.    The PHRC notified Plaintiff on May 21, 2019 that it had closed Plaintiff's charge administratively based on the EEOC's action.   .

IV.    **RIGHT OF EQUITABLE RELIEF**

11.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is his only means of securing adequate relief.

IV.    **JURY TRIAL DEMANDED**

12.    Plaintiff demands trial by jury on this complaint.

V.    **FACTUAL ALLEGATIONS**

13.    Plaintiff was born on July 2, 1966.

14.    Plaintiff has been continuously employed by Defendant since 2000.

15.    At all times material hereto, Plaintiff was employed by Defendants as the director of its pre-school program and as the assistant director of its summer camp.

3

16.     Following the emergence of serious symptoms, Plaintiff was diagnosed on or about September 29, 2017 with stomach cancer.

17.     In connection with the diagnosis of stomach cancer, Plaintiff has had, and continues to have physiological impairments to her digestive system, resulting in substantial limitations of Plaintiff's major life activities, including digestion, working, self-care, concentrating, eating and sleeping.

18.     Plaintiff informed Defendant of her diagnosis and physiological impairments shortly after receiving the diagnosis.

19.     Plaintiff underwent surgery for her condition on April 18, 2018.

20.     Plaintiff has a record of having a disability.

21.     Defendant regarded and regards Plaintiff as having a disability.

22.     With regard to her work for Defendant, Plaintiff was and is a qualified individual with a disability.

23.     At all times material hereto, Plaintiff performed her duties for Defendant in a competent, workmanlike, professional and proper manner.

24.     Prior to July 5, 2018, Plaintiff had not received any discipline from Defendant.

25.     On July 5, 2018, Defendant issued Plaintiff a two-day, unpaid suspension.

26.     The suspension arose out of her duties as assistant camp director.

27.     The suspension purportedly arose out of a text message received by Plaintiff at or about 8:30 p.m. the evening of June 29, 2018 from a parent of one of the minor campers.

28.     The text message was a statement with regard to a possible concern about another minor camper.

29.     The following morning, prior to the opening of the camp, Plaintiff informed the camp director of the content of the text message and immediately took all necessary steps to protect the safety of all the campers and to investigate and remediate the concern.

30.     The concern was resolved without issue or harm.

31.     Plaintiff followed all known policies and procedures of Defendant with regard to the handling of such concerns.

32.     Nonetheless, Defendant issued Plaintiff a two-day, unpaid suspension, ostensibly because she did not inform the camp director of the content of the text after 8:30 pm, the evening of June 29, 2018.

33.     The issuance of the suspension to Plaintiff was baseless and inconsistent with the discipline policies of Defendant.

34.     The ostensible reason for the suspension of Plaintiff was pretextual on account of Plaintiff's disability.

35.     The ostensible reason for the suspension of Plaintiff was pretextual on account of Plaintiff's age.

36.    The actual purpose of the suspension was to embarrass Plaintiff and to cause her to resign.

37.    Plaintiff did not resign.

38.    On or about August 3, 2018, Defendant announced that its pre-school program was being discontinued, pending the relocation of its facilities from Wilkes-Barre to Kingston, and that upon the completion of the relocation, provision of the pre-school services would be contracted out to third party.

39.    On August 7, 2018, Defendant's executive director, Len Zimmerman, informed Plaintiff that all camp responsibilities were being removed from her job description.

40.    The removal of all camp responsibilities from Plaintiff's job description was without cause.

41.    Defendant stated no business reason to Plaintiff for the removal of camp responsibilities from her job description.

42.    Defendant continued, and continues, to require a person to perform the duties of assistant camp director.

43.    The position of assistant camp director remains open and unfilled.

44.    The removal of all camp responsibilities from Plaintiff's job description was on account of her disability.

45.    The removal of all camp responsibilities from Plaintiff's job description was on account of her age.

46.     In August, 2018, Mr. Zimmerman re-assigned duties to Plaintiff as a fund raiser, with particular emphasis on raising funds for the camp and pre-school programs.

47.     Plaintiff had no prior experience as a fund raiser.

48.     The fund raising tasks assigned were futile because Plaintiff's removal from the functions for which she was directed to raise money for was consistently and negatively questioned by the prospective donors.

49.     The actual purpose of the elimination of the camp and pre-school responsibilities from Plaintiff's job description and the direction to her to raise funds for her former functions was to embarrass Plaintiff and to cause her to resign.

50.     Plaintiff did not resign.

51.     During September 2018 Plaintiff requested that she be permitted to perform her fundraising tasks from home, as a reasonable accommodation of her disability.

52.     Defendant denied Plaintiff's request that she be permitted to perform her fundraising tasks from home, as a reasonable accommodation of her disability.

53.     No business reason supported Defendant's denial of denied Plaintiff's request that she be permitted to perform her fundraising tasks from home, as a reasonable accommodation of her disability.

54.     Defendant could have granted denied Plaintiff's request that she be permitted to perform her fundraising tasks from home, as a reasonable accommodation of her disability, without undue hardship to itself.

55.   Plaintiff learned in October 2018 that Defendant planned to continue the operation of its pre-school program after the relocation of its facilities, with its own employed personnel, not with contracted, third party personnel, as announced in August 2018.

56.   Nonetheless, in October 2018, Mr. Zimmerman informed Plaintiff that she would not be continued hereafter as director of the pre-school program, nor have any functions in connection with the pre-school program.

57.   The tasks left to Plaintiff by Defendant are non-essential and duplicative of tasks performed by other employees of Defendant.

58.   Plaintiff's current tasks and functions would be the first to be eliminated by Defendant in the event of any future reorganization or budget readjustments.

59.   Defendant has failed and refused to engage in an interactive process with respect to Plaintiff's disabilities and requested reasonable accommodation.

60.   The elimination of Plaintiff's duties by Defendant was on account of her disability.

61.   The elimination of Plaintiff's duties by Defendant was on account of her age.

62.   The removal of Plaintiff from her position as director of the pre-school program was in retaliation for her request for a reasonable accommodation.

63.   Defendant would have granted Plaintiff's requested accommodations but for her age.

64.     Plaintiff has suffered damages in the form of loss of compensation, loss of employment benefits, emotional distress and other compensatory and consequential damages on account of this failure to accommodate, discrimination and retaliation.

65.     The actions and omissions of Defendant were outrageous, extremely offensive, intentional, discriminatory and retaliatory against Plaintiff on a continuing basis and were performed with malice and reckless indifference to Plaintiff's civil rights.

66.     Defendant's discrimination against Plaintiff on account of her age was willful.

## COUNT I

### AMERICANS WITH DISABILITIES ACT
### 42 USC Sec. 12101 *et seq.*

### DISCRIMINATION ON ACCOUNT OF DISABILITY

67.     Paragraphs 1 through 66 of this Complaint are incorporated herein by reference as though set forth in full.

68.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

69.     Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

70.    The actions taken by Defendant as described herein were willful, deliberate, intentional, outrageous and performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment and prays:

a.    that this Court declare that the practices described herein are discriminatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.    that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c.    That this Court order reinstatement of the Plaintiff to her former position, rescind her suspension and provide a reasonable accommodation for Plaintiff's disability, without loss of seniority or other benefits which would have accrued had Defendant not discriminated against Plaintiff.

d.    that this Court order the payment of compensatory damages;

e.    that this Court order the payment of punitive damages;

f.    that this Court order the payment of reasonable attorney fees and costs;

g.    that this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and,

      h.     that this Court order such other and further relief as may be just and equitable.

## COUNT II

## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. §623(a)

## DISCRIMINATION ON ACCOUNT OF AGE

71.    Paragraphs 1 through 70 of the Complaint are incorporated by reference herein as though set forth in full.

72.    The unlawful discrimination herein before stated constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a).

73.    In light of Defendant's willful, knowing and intentional discrimination against the Plaintiff, Plaintiff seeks an award of liquidated damages equal to the amount owing.

WHEREFORE, Plaintiff prays for entry of the following relief:

      a.     Entry of a declaratory judgment that the Defendant's policies and practices complained of herein violated the Plaintiff's rights protected under the ADEA;

      b.     Entry of a preliminary and permanent injunction enjoining the Defendant, its officers, employees, agents and all persons acting in concert with the Defendant from violating the provisions of the ADEA and directing the Defendant to order reinstatement of the Plaintiff to her former position, rescind her suspension, and restore to the Plaintiff all wages, retirement benefits, and other employment benefits due Plaintiff had there not been discrimination;

c.    Entry of a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amounts;

d.    Entry of a money judgment against the Defendant awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §626(b) of the ADEA;

e.    An award to Plaintiff of the cost of suit including reasonable attorneys' fees; and,

f.    An award to Plaintiff of such other and further relief as this court deems just and proper.

## COUNT III

## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 PS Sec. 955(a)

## DISCRIMINATION ON ACCOUNT OF DISABILITY

74.    Paragraphs 1 through 73 of this Complaint are incorporated herein by reference as though set forth in full.

75.    The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis, and constitute violations of the Pennsylvania Human Relations Act.

76.     Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment and prays:

a.      that this Court declare that the practices described herein are discriminatory and in violation of the PHRA.;

b.      that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c.      That this Court order reinstatement of the Plaintiff to her former position, rescind her suspension and provide a reasonable accommodation for Plaintiff's disability, without loss of seniority or other benefits which would have accrued had Defendant not discriminated against Plaintiff.

d.      that this Court order appointment of the Plaintiff to the position, as described herein before, without loss of seniority or other benefits which would have accrued had there not been discrimination; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amount from the date of termination;

e.      that this Court order the payment of compensatory damages;

  f. that this Court order the payment of reasonable attorney fees and costs;

  g. that this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

  h. that this Court order such other and further relief as may be just and equitable.

## COUNT IV

### PENNSYLVANIA HUMAN RELATIONS ACT
### 43 PS Sec. 955(a)

### DISCRIMINATION ON ACCOUNT OF AGE

77. Paragraphs 1 through 76 of this Complaint are incorporated herein by reference as though set forth in full.

78. The unlawful employment practices hereinbefore stated were in violation of the Pennsylvania Human Relations Act on a continuing basis.

79. Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment and prays:

a.      that this Court declare that the practices described herein are in violation of the PHRA.;

b.      that this Court enter an injunction prohibiting such violations of the PHRA;

c.      that this Court order reinstatement of the Plaintiff to her former position, rescind her suspension, without loss of seniority or other benefits which would have accrued had there not been such violation; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been such violation, together with interest on said amount from the date of termination;

d.      that this Court order the payment of compensatory damages;

e.      that this Court order the payment of reasonable attorney fees and costs;

f.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

g.      that this Court order such other and further relief as may be just and equitable.

## COUNT V

### AMERICANS WITH DISABILITIES ACT
### 42 USC Sec. 12101 *et seq.*

### FAILURE TO ACCOMMODATE

80.     Paragraphs 1 through 79 of this Complaint are incorporated herein by reference as though set forth in full.

81.     Defendant failed and refused to make reasonable accommodations of Plaintiff's disability.

82.     The unlawful employment practices hereinbefore stated were violative of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* on a continuing basis.  Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

83.     The actions taken by Defendant as described herein were willful, deliberate, intentional, outrageous and performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment and prays:

a.     that this Court declare that the practices described herein are in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.     that this Court enter an injunction prohibiting such practices as

16

being violative of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

   c. that this Court order immediate reinstatement of the Plaintiff to the former position herein before described with the requested reasonable accommodations, without loss of seniority or other benefits which would have accrued had there not been such violation; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been such violation, together with interest on said amount from the date of termination;

   d. that this Court order the payment of compensatory damages;

   e. that this Court order the payment of punitive damages;

   f. that this Court order the payment of reasonable attorney fees and costs;

   g. that this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

   h. that this Court order such other and further relief as may be just and equitable.

## COUNT VI

## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 PS Sec. 955(a)

### FAILURE TO ACCOMMODATE

84.     Paragraphs 1 through 83 of this Complaint are incorporated herein by reference as though set forth in full.

85.     Defendant failed and refused to make reasonable accommodations of Plaintiff's disability.

86.     The unlawful employment practices hereinbefore stated were in violation of the Pennsylvania Human Relations Act on a continuing basis.

87.     Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment and prays:

a.     that this Court declare the practices described herein are in violation of the PHRA.;

b.     that this Court enter an injunction prohibiting such violations of the PHRA;

c.     that this Court order immediate reinstatement of the Plaintiff to her former position herein before described with the requested reasonable accommodations,

18

without loss of seniority or other benefits which would have accrued had there not been such violation; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been such violation, together with interest on said amount from the date of violation;

d.      that this Court order the payment of compensatory damages;

e.      that this Court order the payment of reasonable attorney fees and costs;

f.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

g.      that this Court order such other and further relief as may be just and equitable.

## COUNT VII
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §12101 *et seq.*
### RETALIATION

88.   Paragraphs 1 through 87 of this Complaint are incorporated herein by reference as though set forth in full.

89.   The unlawful employment practices hereinbefore stated were intentional

and retaliatory towards Plaintiff on account of engaging in a protected activity under the statute, on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.      That this court declare that the practices in which the Defendant has engaged are retaliatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.      That this court permanently enjoin the Defendant from retaliating against employees on the basis of disability accommodation requests;

c.      That this Court order reinstatement of the Plaintiff to her former position and provide a reasonable accommodation for Plaintiff's disability, without loss of seniority or other benefits which would have accrued had Defendant not retaliated against Plaintiff.

d.      That this Court order the Defendant to pay Plaintiff compensatory damages;

e.      That this Court order the Defendant to pay Plaintiff punitive damages;

f.      That this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

g.    That this Court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws that require Defendant to file such reports as this court deems necessary to evaluate such compliance; and

h.    That this Court order such other and further relief as may be just and equitable.

## COUNT VIII

## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. §955(d)

## RETALIATION

90.    Paragraphs 1 through 89 of this Complaint are incorporated herein by reference as though set forth in full.

91.    The unlawful employment practices hereinbefore stated were intentional and retaliatory towards Plaintiff on account of engaging in a protected activity under the statute, on a continuing basis, and constitute violations of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendant and prays:

a.    That this Court declare the practices in which the Defendant has engaged are retaliatory and in violation of the Pennsylvania Human Relations Act, 49 P.S. §955(d).;

b.    That this Court permanently enjoin the Defendant from retaliating against employees on the basis of disability accommodation requests;

c.    That this Court order reinstatement of the Plaintiff to her former

21

position and provide a reasonable accommodation for Plaintiff's disability, without loss of seniority or other benefits which would have accrued had Defendant not retaliated against Plaintiff.

      d.    That this Court order the Defendant to pay Plaintiff compensatory damages;

      e.    That this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

      f.    That this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

      g.    That this Court order such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

Borland & Borland, L.L.P.

By:    /s/ Kimberly D. Borland
        KIMBERLY D. BORLAND, ESQUIRE
        11th Floor, 69 Public Square
        Wilkes-Barre, PA 18701
        (570) 822-3311
        (570) 822-9894 (fax)
        Attorney ID #23673
        Attorney for Plaintiff

# V E R I F I C A T I O N

I verify that the averments made in the Complaint are true and correct.   I

understand that false statements herein are made subject to the penalties of 18

Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

SARA PISARZ

Date: 5/22/19